NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1095

COMMONWEALTH

vs.

JAMES COTY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a judgment of the Superior Court that adjudged him to be a sexually dangerous person (SDP) pursuant to G. L. c. 123A, § 14. The defendant argues that the Commonwealth failed to present sufficient evidence to support such a finding -- that is, that the evidence was insufficient to show that at the time of trial the defendant "suffer[ed] from a mental abnormality or personality disorder which [made him] likely to engage in sexual offenses if not confined to a secured facility." G. L. c. 123A, § 1. After reviewing the record, we are satisfied that the evidence, including several expert reports and lengthy expert trial testimony, was well grounded in fact and more than sufficient to support the jury's finding. Accordingly, we affirm.

Background.  We briefly summarize the relevant history and reserve our detailed analysis of the evidence to the discussion section.  The defendant's history of sexual offenses began in 1968, continued for decades, and culminated in the instant petition to civilly commit him as a sexually dangerous person. In 1993 and again in 1995, the defendant solicited sex from strangers in the Williams College library.  In 1996, he was convicted of sexually abusing two young children in his family over an extended period (with one, beginning at age seven), and sentenced to seven to ten years in prison.  The defendant began reoffending almost immediately after his release in 2006[1] and, following a February 2010 conviction for rape of a child, was returned to prison until 2020.

In January 2020, the Commonwealth filed its second petition seeking the defendant's commitment as a sexually dangerous person under G. L. c. 123A, § 12.  The Commonwealth engaged two qualified examiners, Dr. Kaitlyn Peretti and Dr. Angela Johnson, both of whom interviewed the defendant and concluded in their respective reports that the defendant was sexually dangerous. The defendant engaged his own qualified expert, Dr. Daniel Kriegman, who concluded that the evidence was insufficient to

---

[1] We note that the Commonwealth filed its first SDP petition before the defendant was released in 2006.  After a bench trial, the defendant was found not sexually dangerous.

2

support a finding of current sexual dangerousness.  After a three-day jury trial in October 2021, the jury found that the defendant was currently a sexually dangerous person.  This appeal followed.

Discussion.  A defendant "may be committed as a sexually dangerous person if he has [1] been convicted of a sexual offense, [2] suffers from a mental abnormality or personality disorder that renders him a menace to the health and safety of others, and [3] is likely to engage in sexual offenses if not confined" to a secure facility.[2]  Commonwealth v. Fay, 467 Mass. 574, 580, cert. denied, 574 U.S. 858 (2014).  See Commonwealth v. Cahoon, 86 Mass. App. Ct. 266, 268 (2014); G. L. c. 123A, § 1 (definition of "Sexually dangerous person").  For a jury to render a verdict of sexual dangerousness, they must find beyond a reasonable doubt that the defendant "is likely to attack or otherwise inflict injury on . . . victims because of his uncontrolled or uncontrollable desires."  G. L. c. 123A, § 1. In the context of sexual dangerousness, the term "likely" means "reasonably to be expected in the context of the particular facts and circumstances at hand."  Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).  The jury may "and should consider the evidence of the [defendant]'s past sexual misconduct and . . .

_____

[2] The first element, conviction of a sexual offense, is not at issue in this appeal.

3

draw inferences based on that misconduct" to arrive at this finding. Wyatt, petitioner, 428 Mass. 347, 354 (1998). However, the jury may not rely exclusively on past misconduct in rendering a verdict that the defendant is a sexually dangerous person. See Commonwealth v. Walsh, 376 Mass. 53, 58 (1978).

The defendant argues that the evidence presented by the Commonwealth was insufficient to support the ultimate finding of sexual dangerousness, particularly in that he was sixty-seven years old at the time of trial "and his recent behavior has markedly improved." The defendant's argument directly challenges the opinions of the Commonwealth's qualified experts as unreliable; he contends that they "placed undue influence upon [his] criminal sex history and behavior while incarcerated," and that the opinions were "so incredible, insubstantial, or otherwise of such a quality that no reasonable person could rely upon [them]."

We review a challenge to the sufficiency of the evidence for "whether, after viewing the evidence (and all permissible inferences) in the light most favorable to the Commonwealth, any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of sexual dangerousness, as defined by G. L. c. 123A, § 1." Commonwealth v. Husband, 82 Mass. App. Ct. 1, 4 (2012), quoting Commonwealth v. Blake, 454 Mass. 267, 271 (2009). See Commonwealth v. Latimore, 378 Mass.

4

671, 677 (1979).  We grant particular deference "to findings resting upon expert testimony."  Husband, supra at 4.  Indeed, under Massachusetts law, "qualified examiners are central to the statutory scheme designed to evaluate the likelihood of a sex offender to reoffend."  Johnstone, petitioner, 453 Mass. 544, 551 (2009), quoting Commonwealth v. Bradway, 62 Mass. App. Ct. 280, 283-284 (2004).

Here, the Commonwealth offered extensive evidence of the defendant's current sexual dangerousness, centered around the opinions of the two qualified examiners.  Both of those experts opined, based on the defendant's criminal history, his patterns of behavioral infractions while incarcerated, his mental diagnoses, his insufficient engagement in treatment, and other evidence, that the defendant currently meets the statutory definition of a sexually dangerous person.  Notably, there was no challenge to the qualifications of either expert at trial.  Nor did the defendant raise an objection to the expert testimony seeking to have it excluded on reliability grounds.  See Commonwealth v. Shanley, 455 Mass. 752, 761-762 (2010).

The evidence the experts cited in support of their opinions was compelling.  The defendant's criminal history, beginning in 1968, includes multiple convictions for indecent exposure, dissemination of obscene material, enticing a child, and multiple counts of rape of a child.  As referenced above, he was

5

incarcerated for ten years between 1996 and 2006 after pleading guilty to thirteen charges surrounding the sexual abuse and rape of children he lived with.  He was convicted of enticing a child for an incident that occurred immediately following his release from prison in 2006 and sentenced to a term of fifteen months in the house of correction (HOC).  In 2010, he was again convicted of the rape of a child, an offense that led to his most recent incarceration from 2010 to 2020 and the governing offense in his 2021 SDP trial.

The defendant continued to offend sexually while incarcerated and in pretrial confinement in the HOC, with disciplinary reports detailing concerning behavior including the defendant exposing himself to his cellmates, soliciting sexual acts from other inmates, openly masturbating and masturbating while watching other inmates in the shower, and entering a shower stall while attempting to engage sexually with another inmate.

Both of the Commonwealth's qualified experts agreed that the defendant's diagnoses met the statutory definition of a mental abnormality or personality disorder.  They opined that the defendant suffers from exhibitionistic disorder, voyeuristic disorder, antisocial personality disorder, and a general lack of power to control his sexual impulses as evidenced by his

6

compulsive engagement in sexual offenses and infractions, including while incarcerated and in temporary confinement.

The defendant also has a history of ambivalence to treatment. He first participated in the Sex Offender Treatment Program (SOTP) during his incarceration from 1996 to 2006 but was terminated from treatment due to continued sexual misconduct. During his incarceration from 2010 to 2020, the defendant again enrolled in treatment, but was terminated after additional episodes of sexual misconduct.

In short, there was extensive evidence supporting the opinions of the Commonwealth's qualified experts. The defendant's argument in response asks us to conclude, as a matter of law, that these opinions were so unreliable that they had no value as evidence and should have been excluded from consideration. That is a tall order, to be sure, as we would give deference to the trial judge's admission of the opinions even if the question were a close one. But for the reasons stated above, the expert opinions were well grounded. And while the defendant highlights the opinion of his own qualified examiner, Dr. Kriegman, that the defendant does not currently meet the criteria for sexual dangerousness, under the Latimore standard "we do not weigh the supporting evidence against conflicting evidence." Commonwealth v. Rarick, 87 Mass. App.

7

Ct. 349, 351 (2015), quoting Commonwealth v. Merry, 453 Mass. 653, 660 (2009).

Indeed, when reviewing for sufficiency of the evidence we must "disregard contrary evidence presented by the defendant including the testimony of a defense expert, unless the contrary evidence demonstrates that the Commonwealth's evidence . . . is 'conclusively incorrect.'" Commonwealth v. Lawson, 475 Mass. 806, 817 (2016), quoting Commonwealth v. O'Laughlin, 446 Mass. 188, 204 (2006). See Latimore, 378 Mass. at 677. No such showing was made here.

Judgment affirmed.

By the Court (Wolohojian,[3] Englander & Brennan, JJ.[4]),

Assistant Clerk

Entered: April 24, 2024.

---

[3] Justice Wolohojian participated in the deliberation on this case while an Associate Justice of this court, prior to her appointment as an Associate Justice of the Supreme Judicial Court.

[4] The panelists are listed in order of seniority.